JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON

*FEB 2 5 2002*

## DEFENDANTS
CCM GROUP, INC. and
MOVIE GRILL CONCEPTS I, LTD.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: United Kingdom
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard H. Gateley
Brackett & Ellis       (817) 338-1700
100 Main St., Fort Worth, TX 76102

ATTORNEYS (IF KNOWN)

**3-02CV0386-L**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Federal Declaratory Judgment Act, 28 U.S.C. Sections 2201-2202 for a determination of the parties' rights and obligations under a contract of insurance

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE February 20, 2002    SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 25 2002

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON | § § § | |
| VS. | § § | CASE NO. 3:02-CV-0386L |
| CCM GROUP, INC. and MOVIE GRILL CONCEPTS I, LTD. | § § § | |

## COMPLAINT FOR DECLARATORY RELIEF

Come now Plaintiffs, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Subscribing to Policy No. BA9900610558 (collectively "Underwriters"), and file this their Complaint for Declaratory Relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, for the Court's consideration and declaration of the parties' rights or obligations under the insurance contract at issue herein. In support of their complaint against Defendants, Underwriters respectfully show the Court as follows:

I.

### PARTIES

Underwriters are insurance syndicates or companies having their principal places of business in London, England.

1. Defendant CCM Group, Inc. ("CCM Group") is a Texas corporation with its principal place of business at 134 Howell, Dallas, Texas 75207. Summons and service may be made upon its registered agent, Diane Cheatham, 134 Howell, Dallas, Texas 75207.

2. Defendant Movie Grill Concepts I, Ltd. ("Movie Grill") is a Texas limited partnership with its office and principal place of business in Collin County, Texas. Defendant Movie Grill may be served with citation by serving its registered agent for service, Brian E. Schultz, at its principal place of business located at 4721 West Park Blvd., Suite 100, Plano, Texas 75093.

II.

## VENUE AND JURISDICTION

3. This Complaint for Declaratory Relief is brought pursuant to 28 U.S.C., §§ 2201-2202 and Rule 57 Federal Rules of Civil Procedure for the purpose of determining questions of actual controversy between the parties, as hereinafter more fully set forth. The jurisdiction of this Court is based upon the diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, because a substantial part of the events giving rise to the claim occurred in this district.

III.

## INSURING AGREEMENT

5. On or about November 15, 1999, Underwriters at the request and instance of CCM Group, issued a policy of insurance, being Policy No. BA9900610558, effective from November 15, 1999 to November 15, 2000 (the "Policy"). The Policy is a commercial general liability policy.

6. The Policy covers those sums that CCM Group becomes legally obligated to pay as damages because of bodily injury or property damage to which the insurance applies. The Policy also gives Underwriters the right and duty to defend any suit seeking such damages.

IV.

## FACTS GIVING RISE TO THIS DISPUTE

7. On or about October 1, 1999, CCM Group entered into a contract with Movie Grill and thereafter, on or about December 8, 1999, entered into a second agreement with Movie Grill, both parts collectively forming the contract between CCM Group and Movie Grill. CCM Group was to provide architectural and construction services, along with other services pursuant to the terms and conditions stated in the contracts for the renovation and conversion of an existing movie theater into a movie grill and lounge to be known as Studio Movie Grill, located in Plano, Texas. In consideration of CCM Group's performance under the contract, Movie Grill agreed to pay CCM Group the initial contract amount of $1,398,988.00.

8. In June 2000, after completion of the contract, CCM Group sued Movie Grill for failing to pay its contractual obligations. According to CCM Group, Movie Grill owed $310,176.00 for performance of the contract.

9. In October 2000, Movie Grill filed a Counterclaim against CCM Group. Although Movie Grill admitted that it had contracted with CCM Group in October 1999, it claimed that CCM Group had offered a "fixed price" contract which included all design and construction cost. It further alleged that CCM Group falsely represented to Movie Grill that the complete cost for design and construction would be $1,398,988.00. Movie Grill went on to allege that CCM Group breached its

contract in December 1999, by demanding the additional sum of $310,176.00 from Movie Grill, when only $135,924.00 would be justly due and owing if CCM Group had in fact fulfilled its obligations which, according to Movie Grill, it did not. Movie Grill also alleged that CCM Group had made other misrepresentations. Movie Grill alleged that CCM Group promised that the theater it was building would have the capacity for a certain size audience when, in truth and in fact, the theater capacity was significantly smaller than CCM Group represented it would be.

10. On or about January 7, 2002, CCM Group's lawyer to CCM Group notified Underwriters that Movie Grill had filed a Counterclaim against CCM Group. CCM Group, by and through its attorney, demanded that Underwriters provide a defense and indemnity under the Policy.

V.

## ACTUAL CONTROVERSY EXISTS

11. The facts and circumstances set forth above have given rise to a controversy between the parties as to Underwriters' rights, duties and responsibilities, if any, under the Policy, and whether Underwriters are obligated to defend or indemnify CCM Group. There is therefore, an actual and justiciable controversy between the parties within the meaning of 28 U.S.C., §§ 2201-2202 over which this Court is vested with the power to determine and declare.

VI.

## DECLARATIONS SOUGHT

12. Underwriters seek a declaration that they have no duty to defend or indemnify CCM Group because the allegations of Movie Grill's Counterclaim, when compared to the insuring agreement, show there is no "occurrence" as that term is defined in the Policy. Occurrence, as

defined in the Policy, means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. The allegations in Movie Grill's Counterclaim do not relate to an unexpected, unforeseen or undesigned happening or consequence which would be required to trigger coverage or a duty to defend.

13. Underwriters seek a further declaration that there is no duty to defend or indemnify. because the allegations in Movie Grill's Counterclaim contain no claim for "property damage," as that term is defined in the Policy. The Policy defines "property damage" as meaning physical injury to tangible property or loss of use of tangible property, even though the property is not physically injured. Tangible property is such property as may be seen, weighed, measured and estimated by the physical senses. The only damages alleged by Movie Grill are economic losses: having to pay more money than the fixed price of the contract and pecuniary losses from having a theater which was smaller than promised. Underwriters seek a declaration that there is no defense or indemnity under the Policy because these damages are not "property damage."

14. Underwriters seek a further declaration that they have no duty to defend or indemnify CCM Group because the Policy excludes property damage expected or intended from the standpoint of the insured.

15. Underwriters have complied with all conditions precedent and all conditions subsequent such that they are entitled to seek these declarations from the Court.

VII.

## ATTORNEY'S FEES

16. Underwriters have been required to employed the undersigned law firm to represent them and to prosecute this declaratory judgment action. Underwriters seek reimbursement of their reasonable and necessary attorney's fees, as may be allowed by law or in equity.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Underwriters pray that upon trial, the Court adjudicate and declare that Underwriters have no duty to defend or indemnify CCM Group for claims being asserted against it by Movie Grill. Furthermore, Underwriters request the Court to adjudicate and declare that they have no duty to pay any damages that CCM Group may become legally obligated to pay as a result of Movie Grill's Counterclaim. Underwriters request the Court to award them reasonable and necessary attorney's fees, costs of court and all further relief to which they may show themselves justly entitled at law or in equity.

Respectfully submitted,

*[signature]*

Richard H. Gateley
State Bar I.D. No. 07752500

BRACKETT & ELLIS,
a Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
(817) 338-1700; (817) 429-9181-Metro
(817) 870-3365 - Facsimile

ATTORNEYS FOR PLAINTIFF

COMPLAINT FOR DECLARATORY RELIEF                                                                 PAGE 6
109478